UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

GONZALO ARREDONDO
and other similarly situated individuals,

    Plaintiff(s),

v.

JOHNSON'S TREE SERVICE AND
STUMP GRINDING, INC.,
DAVID JOHNSON, and
DAYNA JOHNSON, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GONZALO ARREDONDO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants JOHNSON'S TREE SERVICE AND STUMP GRINDING, INC., DAVID JOHNSON, and DAYNA JOHNSON, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff GONZALO ARREDONDO is a covered employee for purposes of the Act. The Plaintiff is a resident of Bonita Spring, Escambia County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant JOHNSON'S TREE SERVICE AND STUMP GRINDING, INC. JOHNSON'S TREE SERVICE, INC. (hereinafter JOHNSON'S TREE SERVICE, or Defendant) is a Florida corporation, having a place of business in Escambia County, Florida, Defendant was engaged in interstate commerce.

4. The individual Defendants DAVID JOHNSON, and DAYNA JOHNSON were and are now, the owners/partners/officers and operators of Defendant Corporation JOHNSON'S TREE SERVICE. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Escambia County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff GONZALO ARREDONDO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff also brings this action on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being properly compensated.

7. Defendant is a full-service contractor providing landscaping, tree trimming, tree removal, stump grinding, lot clearing, and related services. This company is located in Bonita Springs, Escambia County, where Plaintiff worked.

8. Defendants JOHNSON'S TREE SERVICE, DAVID JOHNSON, and DAYNA JOHNSON employed Plaintiff GONZALO ARREDONDO approximately from July 15, 2019, to May 06, 2022, or 146 weeks.

9. The Plaintiff was hired as a non-exempted, full-time, hourly landscaper, and he was paid a wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour

10. During his time of employment with Defendants, Plaintiff worked weeks of 6 days and weeks of 5 days as follows:

11. <u>1.- From approximately July 15, 2019, to December 31, 2020, or 76 weeks</u>.- Plaintiff worked six days per week from Monday to Saturday, from 7:00 AM to 6:30 PM, or 11.5 hours daily.  Plaintiff worked a total of 66 hours per week. Plaintiff has deducted 3 hours of the lunchtime that he took during the week.

12. Plaintiff was paid for a maximum average of 10 overtime hours, but at his regular rate. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate. In this period, Plaintiff is owed half-time overtime for every overtime hour that was paid to him at his regular rate (10 O/T hours average) and an average of 16 overtime hours at a time and one-half of his regular, for overtime hours that were not paid to him at any rate, not even at the minimum wage rate.

13. <u>2.- From approximately January 01, 2021, to May 06, 2022, 31, 2020, or 70 weeks</u>.- Plaintiff worked five days per week on the same schedule, from Monday to Friday, from 7:00 AM to 6:30 PM, or 11.5 hours daily.  Plaintiff did not work on Saturdays, and he completed a total of 55 hours per week. Plaintiff has deducted 2.5 hours of the lunchtime that he took during the week.

14. Plaintiff was paid for a maximum average of 10 overtime hours, but at his regular rate. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate. In this period, Plaintiff is owed half-time overtime for every overtime hour that was paid to him at his regular rate (10 O/T hours average) and an average of 5 overtime hours at a time and one-half of his regular rate for overtime hours that were not paid to him at any rate, not even at the minimum wage rate.

15. Plaintiff always worked more than 40 hours weekly, but he was not paid for overtime hours as required by the FLSA.

16. Plaintiff clocked in and out, and Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid weekly with checks, and paystubs that did not show the number of days, wage rate, and the actual number of overtime hours worked.

19. Plaintiff never agreed with the number of hours and the wages received every week, but he was afraid to complain further because of concerns about his physical integrity.

20. On or about May 06, 2022, Plaintiff was forced to resign from his position because he was working very hard, but he was not being paid fairly.

21. Plaintiff GONZALO ARREDONDO seeks to recover half-time overtime wages for every overtime hour paid at his regular rate. Plaintiff also intends to recover overtime hours at

the rate of time and one-half his regular rate for every overtime hour not paid to him at any rate, plus liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

23. Plaintiff GONZALO ARREDONDO re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff GONZALO ARREDONDO as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant JOHNSON'S TREE SERVICE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a landscaping and tree service company and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state, by using the

instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

27. Defendants JOHNSON'S TREE SERVICE, DAVID JOHNSON, and DAYNA JOHNSON employed Plaintiff GONZALO ARREDONDO approximately from July 15, 2019, to May 06, 2022, or 146 weeks.

28. The Plaintiff was hired as a non-exempted full-time landscaper, and he was paid a wage rate of $20.00 an hour. Plaintiff's overtime rate should be $30.00 an hour

29. During his time of employment with Defendants, Plaintiff worked weeks of 6 days and weeks of 5 days as follows:

30. <u>1.- From approximately July 15, 2019, to December 31, 2020, or 76 weeks</u>.- Plaintiff worked six days a total of 66 hours per week. Plaintiff has deducted 3 hours of the lunchtime that he took during the week.

31. Plaintiff was paid for a maximum average of 10 overtime hours, but at his regular rate. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate. In this period, Plaintiff is owed half-time overtime for an average of 10 overtime hours paid to him at his regular rate. Plaintiff is also owed an average of 16 overtime hours that were not paid to him at any rate, at a time and one-half his regular rate.

32. <u>2.- From approximately January 01, 2021, to May 06, 2022, 31, 2020, or 70 weeks</u>.- Plaintiff worked five days per week a total of 55 hours. Plaintiff has deducted 2.5 hours of the lunchtime that he took during the week.

33. Plaintiff was paid for a maximum average of 10 overtime hours, but at his regular rate. The remaining overtime hours were not paid at any rate, not even at the minimum wage rate. In this period, Plaintiff is owed half-time overtime for an average of 10 hours. Plaintiff is also owed an average of 5 overtime hours at a time and one-half of his regular rate for overtime hours that were not paid to him at any rate.

34. Plaintiff always worked more than 40 hours weekly, but he was not paid for overtime hours as required by the FLSA.

35. Plaintiff clocked in and out, and Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

36. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

37. Plaintiff was paid weekly with checks, and paystubs that did not show the number of days, wage rate, and the actual number of overtime hours worked.

38. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

39. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

41. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Sixty-One Thousand Five Hundred Eighty Dollars and 00/100 ($61,580.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 146 weeks
   Total number of relevant weeks: 146 weeks
   Regular wage rate: $20.00 an hour x 1.5=$30.00
   O/T rate: $30.00-$20.00 O/T rate paid= $10.00
   Half-time Overtime: $10.00

   **1.- Unpaid O/T from July 15, 2019, to December 31, 2020=76 weeks**

   Half-time O/T for 10 hours paid at regular rate
   Total hours worked:  66 hours weekly
   Total O/T hours: 26 O/T
   Total O/T hours paid at regular rate: 10 O/T hours average
   Total O/T hours paid at $0.00: 16 O/T hours

   i. Half-time $10.00 x 10 O/T hours=$100.00 weekly x 76 weeks=$7,600.00

   ii. Overtime for 16 hours paid at $0.00
   O/T rate $30.00 x 16 O/T hours=$480.00 weekly x 76 weeks=$36,480.00

   **2.- Unpaid O/T from January 01, 2021, to May 06, 2022=70 weeks**

       Half-time O/T for 10 hours paid at regular rate
       Total hours worked:  55 hours weekly
       Total O/T hours: 15 O/T
       Total O/T hours paid at regular rate: 10 O/T hours average
       Total O/T hours paid at $0.00: 5 O/T hours

      i.   Half-time $10.00 x 10 O/T hours=$100.00 weekly x 70 weeks=$7,000.00

      ii.   Overtime for 5 hours paid at $0.00
          O/T rate $30.00 x 5 O/T hours=$150.00 weekly x 70 weeks=$10,500.00

   Total # 1 and #2: $61,580.00

  c.  <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid overtime wages.

42. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Ac

43. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. At the times mentioned, individual Defendants DAVID JOHNSON, and DAYNA JOHNSON were the owners/partners/managers of JOHNSON'S TREE SERVICE. Defendants DAVID JOHNSON, and DAYNA JOHNSON were the Employers of Plaintiff

and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of JOHNSON'S TREE SERVICE concerning its employees, including Plaintiff and others similarly situated. Defendants DAVID JOHNSON, and DAYNA JOHNSON had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

45. Defendants JOHNSON'S TREE SERVICE, DAVID JOHNSON, and DAYNA JOHNSON willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff GONZALO ARREDONDO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff GONZALO ARREDONDO and other similarly situated individuals and against the Defendants JOHNSON'S TREE SERVICE, DAVID JOHNSON, and DAYNA JOHNSON based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff GONZALO ARREDONDO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with

interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GONZALO ARREDONDO demands a trial by a jury of all issues triable as of right by a jury.

Dated: May 24, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*